UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARIO J.A. SAAD, MD PhD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | NO. 15-10267-TSH |
| AMERICAN DIABETES ASSOCIATION, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION (Docket No. 2)

February 23, 2015

Plaintiff Mario Saad, M.D., Ph.D. filed this defamation action against the American

Diabetes Association ("ADA") on February 5, 2015. He has moved for a temporary restraining

order and preliminary injunction enjoining the ADA from publishing an "expression of concern"

regarding four articles that Dr. Saad wrote for the ADA's scientific journal *Diabetes*. For the

following reasons, the motion is ***denied***.

Dr. Saad is a Professor of Medicine at the State University of Campinas in São Paulo,

Brazil. He has published over 200 articles in scholarly journals, including four articles in the

ADA's flagship publication *Diabetes*. Those articles appeared in 2011, 2007, 2006, and 1997,

respectively. In March 2014, the ADA's Subcommittee on Ethical Scientific Publications

contacted Dr. Saad and informed him that his 2011 and 2007 articles "appear to contain instances

of image manipulation and duplication that violate the journal's publication policies." Pl.'s

Compl. ¶ 17. Dr. Saad was given an opportunity to respond, but his explanation did not resolve

1

the ADA's doubts about the reliability of the data in the articles.[1] In October 2014, the ADA

notified Dr. Saad that new allegations of image-manipulation had arisen—this time with respect

to his 2006 and 1997 *Diabetes* articles. Ultimately, the ADA informed Dr. Saad that *Diabetes*

would publish a digital expression of concern about the four articles, as well as a hard-copy

expression of concern to appear in the March 2015 print issue.[2]

Dr. Saad has moved for a temporary restraining order and preliminary injunction (1)

requiring the ADA to remove the digital expression of concern that was published on the

*Diabetes* website; (2) enjoining the ADA from publishing the hard-copy expression of concern in

the March print issue of *Diabetes*; and (3) enjoining the ADA from retracting Dr. Saad's four

articles from *Diabetes*. The motion essentially asks for a court order preventing the ADA from

expressing its concern about Dr. Saad's work—a classic prior restraint that is presumptively

invalid under the First Amendment.

A prior restraint is "government regulation that limits or conditions in advance the

exercise of protected First Amendment activity." *Auburn Police Union v. Carpenter*, 8 F.3d 886,

903 (1st Cir. 1993). Prior restraints are "the most serious and the least tolerable infringement on

First Amendment rights," because they may prevent the dissemination of truthful information.

*Nebraska Press Ass'n. v. Stuart*, 427 U.S. 539, 559, 96 S.Ct. 2791 (1976); *see also Krebiozen*

*Research Foundation v. Beacon Press, Inc.*, 334 Mass. 86, 95 134 N.E.2d 1 (1956) ("[O]ur law

thinks it better to let the defamed plaintiff take his damages for what they are worth than to

intrust a single judge (or even a jury) with the power to put a sharp check on the spread of

---

[1] The ADA contacted the State University of Campinas regarding their concerns about Dr. Saad's work, and the University appointed an "Inquiry Commission" to investigate the matter. In August 2014 the Inquiry Commission concluded that the results of the 2007 and 2011 articles were valid and that there was no evidence of dishonesty on the part of Dr. Saad. The State University of Campinas provided the ADA with its final investigation report.

[2] The digital expression of concern was published on February 2, 2015.

possible truth."). For this reason, a prior restraint bears "a heavy presumption against its constitutional validity." *New York Times Co. v. U.S.*, 403 U.S. 713, 714, 91 S.Ct. 2140 (1971).

There is no doubt that the relief Dr. Saad requests is a prior restraint. Indeed, the Supreme Court has observed that "[t]emporary restraining orders and permanent injunctions—*i.e.*, court orders that actually forbid speech activities—are classic examples of prior restraints." *Alexander v. U.S.*, 509 U.S. 544, 550, 113 S.Ct. 2766 (1993).[3] Whatever interest Dr. Saad has in preserving his professional reputation, it is not enough to overcome the heavy presumption against the proposed order's validity. This is precisely the type of circumstance in which the law forbids courts from halting speech before it occurs. *See Near v. Minnesota*, 283 U.S. 697, 716, 51 S.Ct. 625 (1931) (declaring unconstitutional a court order preventing The Saturday Press from publishing a defamatory newspaper); *Krebiozen*, 334 Mass. 86 (affirming denial of injunction that would have prevented the publication of statements harmful to medical researchers' professional reputations). The appropriate remedy in cases where a "publisher is to print a libelous, defamatory, or injurious story . . . lies not in an injunction against publication but in a damages or criminal action *after* publication." *In re Providence Journal Co.*, 820 F.2d 1342, 1345 (1st Cir. 1986).

---

[3] The Court sees no material difference between Dr. Saad's request to *enjoin* the retraction of the articles and the publication of the hard-copy expression of concern, and the request to *order* the removal of the online expression of concern. Each form of Dr. Saad's proposed relief would have the effect of preventing the ADA from expressing its beliefs about the integrity of Dr. Saad's research. Thus, by stopping the ADA's future speech, the proposed TRO constitutes a prior restraint.

## **ORDER**

For the foregoing reasons, Plaintiff's Motion for Temporary Restraining Order and
Preliminary Injunction (Docket No. 2) is ***denied***.


**SO ORDERED.**


                                                    */s/ Timothy S. Hillman*
                                                    **TIMOTHY S. HILLMAN**
                                                    **DISTRICT JUDGE**