UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| |
MARIO J.A. SAAD, MD PhD, |
    Plaintiff, |
|
v. | Civil Action No. 15-cv-10267-TSH
|
AMERICAN DIABETES ASSOCIATION, |
    Defendant. |
|

**ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND OF DEFENDANT AMERICAN DIABETES ASSOCIATION**

Pursuant to Fed. R .Civ. P. 8(b), the defendant American Diabetes Association ("defendant" or "ADA") hereby answers as follows:

### INTRODUCTORY PARAGRAPH

Admitted that Dr. Saad brought this action against the ADA and seeks the relief specified therein. Otherwise no answer is necessary because the Verified Complaint speaks for itself. To the extent this introductory paragraph requires a response, the defendant denies the allegations that it "wrongfully" published a digital and hard-copy expression of concern. The ADA can neither admit nor deny the speculative future allegation of what it may do concerning a retraction and as such no response is required.

### PARTIES

1.    The defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

2. Denied that the ADA is an Ohio for-profit corporation. Further answering, ADA is an Ohio non-profit corporation. Admitted that the ADA's principal place of business in Alexandria, Virginia.

3. Admitted.

## JURISDICTION AND VENUE

4. This paragraph does not contain factual allegations and as such no response is required.

5. This paragraph does not contain factual allegations and as such no response is required.

## FACTUAL ALLEGATIONS

6. The defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

7. The defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

8. The defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

9. The defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

10. Denied that *Standards of Medical Care in Diabetes* and *Scientific Sessions Abstract Book* are separate and independent publications of the ADA. Further answering, those publications are supplements to *Diabetes Care* and *Diabetes* respectively. Denied that *BMJ Open Diabetes Research and Care* is a publication of the ADA. Otherwise admitted.

11. Admitted.

12. The defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

13.     Admitted.

14.     Admitted.

15.     Admitted.

16.     Admitted.

17.     Admitted that Kohler is staff liaison to the ADA's Subcommittee on Ethical Scientific Publications and that the quoted language is contained in an email of that date from Kohler to Saad, but otherwise stated that the email speaks for itself and the defendant denies plaintiff's characterizations of the email. As to the footnotes, admitted that there are three years between March 2011 and March 2014 and that there are approximately seven years between August 2007 and March 2014. Otherwise denied.

18.     Admitted that Saad sent Kohler an email dated March 24, 2014, but otherwise stated that the email speaks for itself and the defendant denies plaintiff's characterizations of the email.

19.     Admitted that Kohler sent Saad an email dated April 9, 2014, but otherwise stated that the email speaks for itself and the defendant denies plaintiff's characterizations of the email.

20.     Admitted that Kohler sent Saad an email dated April 9, 2014 and that Exhibit F contains a true copy of the text of that email, but otherwise stated that the email speaks for itself and the defendant denies plaintiff's characterizations of the email.

21.     Admitted that the University purported to appoint a committee identified as an Inquiry Committee. Stated that the contents of the March 10 correspondence speak for themselves. For the remainder of the allegations, the defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

22.     The defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

23. The defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

24. The defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

25. The defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation. Exhibit G attached to the Complaint speaks for itself and therefore no response is required. Further, the defendants lacks knowledge or information sufficient to form a belief about the truth or the authenticity of the letter attached as Exhibit G.

26. Admitted that the University provided the ADA with a copy of Exhibit H and that the ADA received it on September 23, 2014. Exhibit H attached to the Complaint speaks for itself and therefore no response is required. Further answering, the defendant otherwise lacks knowledge or information sufficient to form a belief as to whether this constituted a final investigation report.

27. Admitted that Kohler sent Saad an email dated October 12, 2014. Otherwise stated that the email speaks for itself and the defendant denies plaintiff's characterizations of the email.

28. Admitted that Saad sent Kohler an email dated October 27, 2014. Otherwise stated that the email speaks for itself and the defendant denies plaintiff's characterizations of the email. Denied that this was the only response Saad sent to Kohler in response to the October 12, 2014 email.

29. Admitted that Kohler sent Saad an email dated December 2, 2014. Otherwise stated that the email speaks for itself and the defendant denies plaintiff's characterizations of the email. Regarding footnote 8, the defendant admits that Carvalheirais is the corresponding author on the 2006 paper and denies the remaining allegations.

30.     Admitted that Kohler sent Saad an email dated December 2, 2014. Otherwise stated that the email speaks for itself and the defendant denies plaintiff's characterizations of the email. Regarding footnote 9, admitted, including that the ADA agreed to postpone the online publication of the Expression of Concern from December to February at the request of Unicamp.

31.     Admitted that Kohler sent Saad an email dated December 2, 2014. Otherwise stated that the email speaks for itself and the defendant denies plaintiff's characterizations of the email. Regarding footnote 10, the defendant lacks knowledge or information sufficient to form a belief as to the truth of this alleged communication. Regarding footnote 11, the defendant admits that it called for these investigations but otherwise denies the plaintiff's characterizations of the facts or any implication that the defendant failed to act appropriate according to the Committee on Publication Ethics's criteria for publication of an Expression of Concern.

32.     Admitted that Kohler sent Saad an email dated December 2, 2014 and that Exhibit I contains a true copy of the text of that email. Otherwise stated that the email speaks for itself and the defendant denies plaintiff's characterizations of the email. Exhibit I attached to the Complaint speaks for itself and therefore no response is required.

33.     Admitted that Kohler received a letter dated January 26, 2015 purportedly sent by Saad's counsel and that Exhibit J is a true copy of the letter received by Kohler. Otherwise stated that the letter speaks for itself and the defendant denies plaintiff's characterizations of the letter.

34.     Admitted that the ADA posted a digital expression of concern, of which Exhibit L is an accurate copy, on its website on February 2, 2015. Admitted that the ADA published a hard-copy of the expression of concern in the March issue of *Diabetes*, which was released on or about February 24, 2015. Otherwise this paragraph does not contain factual allegations and as such no response is required, to the extent it does, those allegations are denied.

35.     The defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

## COUNT I – Defamation

36.     This paragraph does not contain factual allegations and as such no response is required, however to the extent a response is necessary, the defendant repeats and incorporates by reference its response to the allegations of Paragraph 1 through 35 of the complaint.

37.     Admitted.

38.     Admitted.

39.     The ADA can neither admit nor deny the speculative future allegation of what it may do concerning a retraction because such does not constitute a factual allegation and as such no response is required. Otherwise denied.

40.     Admitted that *Diabetes* is an internationally recognized and influential peer-reviewed research journal. Otherwise, the defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

41.     Admitted.

42.     Denied.

43.     Denied.

## AFFIRMATIVE DEFENSES

1.     The complaint fails to state a claim upon which relief can be granted.

2.     The defendant is, and was at the time alleged, a public charity, and if any tort was committed by the defendant, which the defendant denies, it was committed in the course of activities carried on to accomplish directly the charitable purposes of the defendant, and the

plaintiff therefore cannot recover an amount in excess of $20,000 as provided by Mass. Gen. Laws c. 231, § 85K.

3. The statements allegedly published by the defendant concerning the plaintiff were privileged.

4. The statements allegedly published by the defendant concerning the plaintiff were statements of opinion and therefore not actionable.

5. The statements allegedly published by the defendant concerning the plaintiff were substantially true.

6. The statements allegedly published by the defendant concerning the plaintiff were made with a proper motive.

7. The claim set forth in the complaint is barred by the doctrines of unclean hands, estoppel, and waiver.

8. The plaintiff has failed to mitigate his damages.

9. The plaintiff's claims are barred by the First and Fourteen Amendments to the United States Constitution as well as the Declaration of Rights of the Massachusetts Constitution, Part 1, Article 16.

10. The plaintiff is a public figure, and as such, is unable to meet the heightened burden of proof to sustain his claim.

11. The statements allegedly published by the defendant concerning the plaintiff were privileged in that they constituted fair comment on matters of public concern.

## REQUEST FOR RELIEF

The American Diabetes Association requests that all claims in the complaint be dismissed, that judgment enter in its favor, that this Court award it costs as well as attorneys' fees, and award such other relief as this Court deems just and necessary.

## JURY DEMAND

The American Diabetes Association demands a trial by jury on all claims.

>AMERICAN DIABETES ASSOCATION
>By its attorneys
>
> /s/ J. Mark Dickison
>J. Mark Dickison (BBO# 629170)
>    MDickison@Lawson-Weitzen.com
>Joshua M. D. Segal (BBO# 678367)
>    JSegal@Lawson-Weitzen.com
>LAWSON & WEITZEN, LLP
>88 Black Falcon Avenue, Suite 345
>Boston, Massachusetts 02210
>(617) 439-4990
>(617) 439-3987 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as nonregistered participants.

> /s/ J. Mark Dickison
>J. Mark Dickison