UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIO J.A. SAAD, MD PhD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMERICAN DIABETES ASSOCIATION, ) <br> ) <br> Defendant. ) | CIVIL ACTION <br><br> NO. 15-10267-TSH |

### ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION (Docket No. 13)

### March 5, 2015

On February 23, 2015, this Court denied Plaintiff Mario Saad's emergency motion for a temporary restraining order enjoining the American Diabetes Association ("ADA") from publishing an expression of concern about Dr. Saad's articles in the ADA's publication *Diabetes*, reasoning that the proposed order was a prior restraint invalid under the First Amendment. Dr. Saad now moves for reconsideration on the ground that, because the ADA's expression of concern has already been published, an injunction requiring the removal of the statement would not amount to a prior restraint.

To the extent that Dr. Saad now requests relief that is not forbidden by the prior restraint doctrine, he has not made the requisite showing for preliminary injunctive relief. In determining whether to grant the "extraordinary and drastic remedy" of a preliminary injunction, the Court considers four factors: the likelihood the movant will succeed on the merits, whether the movant is likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities, and whether an injunction is in the public interest. *Voice of the Arab World, Inc. v. MDTV*

1

*Medical News Now*, *Inc.*, 645 F.3d 26, 32 (1st Cir. 2011). The moving party's likelihood of success on the merits is "the touchstone of the preliminary injunction inquiry." *Philip Morris, Inc. v. Harshbarger*, 159 F.3d 670, 674 (1st Cir. 1998). "[I]f the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002). The plaintiff bears the burden of proof for each of the factors. *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003).

In this case, Dr. Saad cannot establish a likelihood of success on the merits. A defamation plaintiff must show "that the defendant was at fault for the publication of a false statement of and concerning the plaintiff which was capable of damaging his or her reputation in the community and which either caused economic loss or is actionable without proof of economic loss." *Stanton v. Metro Corp.*, 438 F.3d 119, 124 (1st Cir. 2006). Falsity of the statement is key to the question of whether an action for defamation lies, *see Shaari v. Harvard Student Agencies, Inc.*, 427 Mass. 129, 132, 691 N.E.2d 925 (1998), and "[t]ruth is an absolute defense." *Noonan v. Staples, Inc.*, 707 F. Supp. 2d 85, 90 (D. Mass. 2010). Further, expressions of opinion are protected from liability if based on disclosed, nondefamatory facts. *See Lyons v. Globe Newspaper Co.*, 415 Mass. 258, 262, 612 N.E.2d 1158 (1993); *cf. Stanton v. Metro Corp.*, 438 F.3d 119, 130 (1st Cir. 2006) ("The Supreme Judicial Court has recognized that certain statements about a plaintiff, though pejorative, are 'too vague to be cognizable as the subject of a defamation action.'").

The webpage cited by Dr. Saad states that that the ADA "is issuing this expression of concern to alert readers to questions about the reliability of data" in Dr. Saad's articles.[1] The statement thoroughly sets forth the factual basis for the ADA's concerns, and states that *Diabetes*

---

[1] In his motion for reconsideration, Dr. Saad directs the Court to a webpage titled "Expression of Concern" on the *Diabetes* website, located at http://diabetes.diabetesjournals.org/content/64/3/1068.full.

"will make final decisions on these articles after the journal obtains more information on the reliability of the data and conclusions presented in each article." In support of his argument that the Court should require the ADA to take down the statement, Dr. Saad relies on his representation that the Inquiry Commission at his university found no evidence of dishonesty on the part of Dr. Saad or other researchers. However, the expression of concern does not accuse Dr. Saad of dishonesty. It merely expresses the ADA's concern about the reliability of the articles as it attempts to obtain more information.[2] Dr. Saad does not explain how such an expression of concern would not be a protected statement of opinion, nor does he point to a single phrase that he alleges to be false. Thus, without deciding the merits of Dr. Saad's defamation claim at this juncture, the Court finds that he has not established the likelihood of success required for the extraordinary remedy of preliminary injunctive relief.

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Docket No. 13) is <u>*denied*</u>.

**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

---

[2] Dr. Saad's complaint concedes that the Inquiry Commission concluded that mistakes had been made in the treatment of digital images in some of the articles, which would certainly provide a basis for the ADA's concern. *See* Pl.'s Compl. ¶ 23.