UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|                                           |   |                                            |
|-------------------------------------------|---|--------------------------------------------|
| MARIO J.A. SAAD, MD PhD,                  |   |                                            |
|     Plaintiff,                            |   |                                            |
|                                           |   |                                            |
| v.                                        |   | Civil Action No. 15-cv-10267-TSH           |
|                                           |   | Leave to File Granted April 30, 2015       |
| AMERICAN DIABETES ASSOCIATION,            |   |                                            |
|     Defendant.                            |   |                                            |

**DEFENDANT AMERICAN DIABETES ASSOCIATION'S
REPLY MEMORANDUM IN SUPPORT OF ITS
<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

The plaintiff, Dr. Mario J.A. Saad, failed to point to specific allegations in his complaint that would warrant denial of the American Diabetes Association's (ADA) motion for judgment on the pleadings. Dr. Saad has not set forth facts giving rise to a cause of action and did not identify any allegation of fault nor any specific statement which a reasonable factfinder could determine to be either defamatory or even simply false. Instead, the plaintiff sets up straw-man arguments, and largely ignores the deficits of his complaint.

I.   <u>There is no allegation of fault.</u>

The plaintiff does not dispute (nor can he) that he is required to allege some fault in order to set forth a claim for defamation. *Gertz v. Robert Welch*, 418 U.S. 323, 327 (1974), *cited with approval in New Eng. Tractor-Trailer Training, Inc. v. Globe Newspaper Co.*, 395 Mass. 471, 476, 480 N.E.2d 1005, 1008-09 (1985). The plaintiff claims that the appropriate level of fault in this case is negligence because he is not a public figure. That analysis does not go far enough, and is therefore incorrect: Dr. Saad must allege more than mere negligence, he must allege actual malice.

1

As an initial matter, Dr. Saad is a limited-purpose public figure in the world of diabetes research. The allegations in the complaint support this conclusion. Dr. Saad touts his fame and credentials by alleging that he has: been a professor since 1996; coordinated the PhD program of the Internal Medicine Department and then the Medical School of the State University of Campinas in Brazil; served as Dean of the medical school; served as Editor of the Brazilian Journal of Medical and Biological Research for the area of Clinical Investigation; supervised over 100 students conducting research; and published over 237 articles in scholarly journals that have been cited over 10,000 times. Compl., ECF No. 1, ¶¶ 7-9, 12. Dr. Saad, who has significant fame within the realm of diabetes research, voluntarily sought publication of his articles in the ADA's journal, *Diabetes* ®, and actively participated in the investigation into the data underlying those articles. As such, he is a limited-purpose public figure and must plead actual malice in order to sustain a claim for defamation. *Lluberes v. Uncommon Prods., LLC*, 663 F.3d 6, 13-14 (1st Cir. 2011).

Even if Dr. Saad had no such notoriety, he has voluntarily injected himself into a matter of public controversy involving the public health.

> An individual may achieve public figure status if he "voluntarily injects himself or is drawn into a particular public controversy and thereby becomes a public figure for a limited range of issues." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351 (1974). A public controversy is a dispute in which the outcome "affects the general public or some segment of it in an appreciable way." *Waldbaum v. Fairchild Publications, Inc.*, 627 F.2d 1287, 1296 (D.C. Cir.), *cert. denied*, 449 U.S. 898 (1980). Reports concerning dangers to the public health constitute public controversies. *Id.*

*ELM Medical Lab., Inc. v. RKO Gen., Inc.*, 403 Mass. 779, 786, 532 N.E.2d 675, 680 (1989). *Diabetes* published the Expression of Concern (EOC) to inform the public about the possibility of incorrect scientific and medical data. In so doing, Dr. Saad was drawn into this particular public controversy involving the public health as he was one of the authors. As a result, to

2

survive a motion to dismiss, his complaint must demonstrate that the ADA acted with actual malice. He does not even attempt to argue that it satisfies this high standard.

Even, arguendo, if the appropriate standard in this case was negligence, the plaintiff has likewise failed to plead that the ADA acted negligently. Looking at the ADA's significant undertaking *as plead in the complaint* demonstrates that this was a careful and thoughtful decision, consistent with industry (COPE) standards, and not one in which the ADA failed to exercise reasonable care. *Shay v. Walters*, 702 F.3d 76, 82-83 (1st Cir. 2012). The plaintiff's argument that "it is clear that the intent of the EOC was not to alerts its readership regarding the Defendant's 'opinion' of Dr. Saad's work, but to intentionally cast doubt upon Dr. Saad's body of working including those four (4) articles," Opp., ECF No. 20, at 8, is wholly devoid of citation to any allegation in the complaint and is not reasonably inferable therefrom. This baseless argument is insufficient to save Dr. Saad's complaint from a judgment of dismissal.

Most generously, the plaintiff argues that the ADA failed to follow the COPE guidelines in publishing the EOC and that this failure constitutes negligence. This argument primarily fails because the complaint's allegations do not support this proposition. Dr. Saad maintains that the ADA relied on the fourth COPE criteria in deciding to publish the EOC, specifically that "[a]n investigation is underway but a judgment will not be available for a considerable time." *See* Opp., ECF No. 20, at 8-9. The EOC was published online on February 2, 2015 and in print on February 24, 2015. Compl. ¶ 34. Dr. Saad's university was conducting an investigation, but the "Inquiry Commission" could not meet until March 9 and 10, 2015. *Id.* ¶ 31 n.10. This same committee had previously met concerning two of Dr. Saad's articles and took more than three months to issue its final report. *Id.* ¶ 22 ("On May 13, 2014 Dr. Saad and fellow researchers presented their materials and explanation to the [Inquiry Commission]."); Compl. Ex. H, ECF

No. 1-10, at 22 (final report agreed to and dated Aug. 21, 2014). Given that the Inquiry Commission likely would not be able to respond to the ADA for months, the ADA was entitled to publish the EOC when it did because the investigation was (soon to be) underway but would not reach judgment for a considerable time. The complaint's allegations demonstrate that the ADA acted reasonably. There is no alleged basis for Dr. Saad's argument that the ADA published the EOC negligently. Because there is no allegation of fault, judgment on the pleadings for the ADA is appropriate.

II.     The plaintiff did not identify any particular statement as false or defamatory.

Nowhere in the complaint or in the plaintiff's opposition to this motion does Dr. Saad identify any particular statement that is defamatory. Instead, he largely argues that the EOC as a whole is a defamatory. The EOC is an expression of an opinion based on factual statements. The complaint does not identify anything false in any factual statement (and in fact, the facts alleged in the complaint bolster the EOC's factual background). The remainder is opinion, which cannot be the basis of a defamation claim. "The question of whether a statement is reasonably susceptible of a defamatory meaning is a threshold question for the court. A communication is susceptible to defamatory meaning if it would tend to hold the plaintiff us to scorn, hatred, ridicule or contempt, in the minds of any considerable and respectable segment in the community." *Shay v. Walters*, 702 F.3d 76, 81 (1st Cir. 2012) (citations and quotation marks omitted).

The only specific statement that the plaintiff now argues (but never plead) is not wholly true is the EOC's claim that, "The Association's Panel on Ethical Scientific Programs has recently contacted the authors' institution . . . to request an investigation into the reliability of the submitted evidence and the data and conclusions presented in [the] article[s]." Opp., at 9; Compl.

Ex. L, ECF No. 1-14, at 4. Dr. Saad argues that the Inquiry Commission was already analyzing his articles. Despite this protestation and the fact that his belated contention was never even alleged in the Complaint, the EOC's claim is neither defamatory nor false. First, it does not hold Dr. Saad up to scorn, hatred, ridicule, or contempt. *Shay*, 702 F.3d at 81. Second, it does not concern Dr. Saad at all but rather concerns the ADA's investigation into the reliability of the data. *Id*. (plaintiff must allege that "[t]he defendant made a statement, concerning the plaintiff, to a third party"). Third, the complaint's allegations support the truth of this statement. Compl. ¶ 34.

The plaintiff seems to argue that the ADA has an affirmative duty to disclose every fact conceivably relevant to its opinion of concern about the reliability of Dr. Saad's data and conclusions. Dr. Saad cites no case to support this, nor has undersigned counsel found any case allowing defamation by omission in Massachusetts.[1] Taken to its logical extension, this argument would mean that anyone who presents any opinion critical of a scientific paper must state every fact conceivably relevant or contradictory to that opinion. This is not and cannot be the law. Rather, the law is that the First Amendment prevents the restriction of speech, especially "[s]cientific and academic speech [which] reside at the core of the First Amendment." *Washington Legal Found. v. Friedman*, 13 F. Supp. 2d 51, 62 (D.D.C. 1998), *vacated in part on other grounds*, 202 F.3d 331 (D.C.Cir. 2000).

---

[1] The ADA does not challenge Dr. Saad's apparent assumption that Massachusetts law applies.

## CONCLUSION

For these reasons, as well as the reasons set forth in Defendant American Diabetes Association's Memorandum of Reasons in Support of its Motion for Judgment on the Pleadings, ECF No. 19, Plaintiff's Verified Complaint fails to allege that the ADA was at fault in publishing an Expression of Concern regarding Dr. Saad's articles. Moreover, even if the Verified Complaint did allege fault, the alleged statement is a non-defamatory opinion based on facts alleged to be true by plaintiff himself. The American Diabetes Association respectfully requests that this Court grant its motion for judgment on the pleadings dismissing the sole count of defamation under Fed. R. Civ. P. 12(c).

AMERICAN DIABETES ASSOCATION
By its attorneys

 /s/ Joshua M. D. Segal
J. Mark Dickison (BBO# 629170)
　 MDickison@Lawson-Weitzen.com
Joshua M. D. Segal (BBO# 678367)
　 JSegal@Lawson-Weitzen.com
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, Massachusetts 02210
(617) 439-4990
(617) 439-3987 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be served upon non-registered participants.

 /s/ Joshua M. D. Segal